**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREGORY MANGO,<br><br>          Plaintiff,<br><br>     v.<br><br>DEMOCRACY NOW! PRODUCTIONS, INC.,<br><br>         Defendant. | Case No.: 1:18-cv-10588-DLC |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR AN**
**ORDER REQUIRING PLAINTIFF TO POST A BOND**

TABLE OF AUTHORITIES

Page(s)

Cases

*Baker v. Urban Outfitters, Inc.*
    431 F. Supp. 2d 351 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007)......................6

*Cruz v. Am. Broad. Cos.*
    No. 17cv8794, 2017 WL 5665657 (S.D.N.Y. Nov. 17, 2017) ..................................5

*Fameflynet, Inc. v. Shoshanna Collection, LLC*
    282 F. Supp. 3d 618 (S.D.N.Y. 2017).....................................................................7

*Liebowitz v. Galore Media, Inc.*
    No. 18-cv-2626, 2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018) ...........................5, 9

*McDermott v. Monday Monday, LLC*
    No. 17-cv-9230 (DLC), 2018 WL 1033240 (S.D.N.Y. Feb. 22, 2018)....................3

*Reynolds v. Hearst Commc'ns, Inc.*
    No. 17CV6720 (DLC), 2018 WL 1229840 (S.D.N.Y. Mar. 5, 2018) ......................9

*RSO Records v. Peri*
    596 F. Supp. 849 (S.D.N.Y. 1984) .........................................................................7

*Sailor Music v. IML Corp.*
    867 F. Supp. 565 (E.D. Mich. 1994).......................................................................7

*Sony BMG Music Entertainment v. Tenenbaum*
    721 F. Supp. 2d 85 (D. Mass. 2010) .......................................................................7

*Van Der Zee v. Greenidge*
    No. 03 CIV. 8659 (RLE), 2006 WL 44020 (S.D.N.Y. Jan. 6, 2006) ......................7

Statutes

17 U.S.C. § 106......................................................................................................................4

17 U.S.C. § 501......................................................................................................................4

17 U.S.C. § 505...................................................................................................................4, 6

Other Authorities

Fed. R. Civ P. 68....................................................................................................................6

Local Civil Rule 54.2.............................................................................................................5

Defendant Democracy Now! Productions, Inc. ("Democracy Now") submits this Memorandum of Law in support of its Motion for an order requiring Plaintiff Gregory Mango ("Plaintiff") to post a bond as security for costs pursuant to Rule 54.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 54.2").

## I.   INTRODUCTION

As this Court is well aware, Richard Liebowitz, counsel for Plaintiff, has filed hundreds of copyright infringement cases like this one in this District, and has often been described as a "copyright troll."  *See, e.g.*, *McDermott v. Monday Monday, LLC*, No. 17-cv-9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018).  Liebowitz's strategy in such cases is to use the high costs of defense as leverage to force settlements far in excess of the copyright holder's damages, and to dismiss cases to avoid paying attorney's fees to a prevailing defendant.  His practices have been repeatedly sanctioned by this Court and others in this District.  In light of these facts and Democracy Now's recent Offer of Judgment, a bond requirement is warranted in this case based on (1) the likelihood that Plaintiff will not obtain a more favorable judgment and will thus be required to pay Democracy Now's post-offer attorney's fees, and (2) Liebowitz's history of voluntarily dismissing cases to avoid paying such fees to a prevailing defendant.

## II.   FACTUAL BACKGROUND

Plaintiff is a professional photographer who licenses his photos to online and print media. [Compl. ¶ 5.]  Plaintiff is the author and copyright holder of a photo of Kellyanne Conway and her husband George Conway (the "Photograph").  [*Id.* ¶¶ 7-8.]  Plaintiff alleges that on or about March 20, 2017, Democracy Now, which operates the website, www.democracynow.org, ran an article entitled *Kellyanne Conway Has Helped Female Friends Get Abortions*.  [*Id.* ¶¶ 6, 10.]

Plaintiff alleges that the article included the Photograph and that Democracy Now did not have his permission to publish the Photograph on its website. [*Id.* ¶¶ 10-11.]

On March 26, 2017, Plaintiff registered the Photograph as part of a group registration of 37 photographs. [*Id.* ¶ 9, Ex. B.] On November 13, 2018, Plaintiff filed the instant Complaint against Democracy Now claiming copyright infringement of the Photograph pursuant to 17 U.S.C. §§ 106 and 501. [*Id.* ¶ 14.] Plaintiff seeks actual damages and Democracy Now's profits, or in the alternative, statutory damages of up to $150,000 for allegedly willful infringement, as well as attorney's fees and costs pursuant to 17 U.S.C. § 505. [*Id.* ¶¶ 16-18.]

As is typical in cases brought by Mr. Liebowitz, the Photograph is ubiquitously used and available online. [Declaration of Thomas Monahan, hereafter "Monahan Decl.," ¶ 4 and Ex. 1.] Indeed, the Photograph has appeared on at least one website purporting to offer it for free. [*Id.* ¶ 5 and Ex. 2.] As is typical of Mr. Liebowitz, no request that the Photograph be removed nor any offer of or demand for a reasonable license fee preceded the commencement of litigation. [Declaration of Julie Crosby, hereafter "Crosby Decl.," ¶ 3.] Once Democracy Now received notice of the lawsuit, it promptly removed the Photograph. [*Id.*]

Democracy Now subsequently researched the license fees normally charged for worldwide, online use of comparable images by Plaintiff. [*Id.* ¶ 4.] The fees for licenses to such images were between $50 and $220. [*Id.* and Exs. 1 and 2.] On December 10, 2018, Democracy Now tendered an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68 Offer"). [Monahan Decl., ¶ 6.] The Rule 68 Offer represented an amount that was five times Plaintiff's typical photo licensing fee for editorial use, and included the estimated cost of Plaintiff's attorney's fees incurred thus far. [*Id.* ¶ 7.] That same day, Plaintiff rejected the Rule 68 Offer, demanding a sum several orders of magnitude more than any reasonable license

fee.  [*Id.* ¶ 8.]  As of the date of this motion, Plaintiff has not accepted the Rule 68 Offer, which

remains open by operation of Rule 68 until December 24, 2018.  [*Id.*]

## III.   ARGUMENT

Through this Motion, Democracy Now requests that Plaintiff be required to post a bond

in the amount of $10,000.00 as security for costs pursuant to Rule 54.2 of the Local Civil Rules

of the United States District Courts for the Southern and Eastern Districts of New York.

Local Civil Rule 54.2 provides, in pertinent part, that "[t]he Court on motion or on its

own initiative may order any party to file an original bond for costs or additional security for

costs in such an amount and so conditioned as it may designate."  Judges considering whether to

require a party to post a bond or additional security for costs under Local Civil Rule 54.2 have

considered the following factors set forth in *Cruz v. American Broadcasting Companies, Inc.*,

(the "*Cruz* Factors"): (1) the financial condition and ability to pay of the party at issue; (2)

whether that party is a non-resident or foreign corporation; (3) the merits of the underlying

claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6)

compliance with past court orders.  *Cruz*, No. 17-cv-8794 (LAK), 2017 WL 5665657, at *1

(S.D.N.Y. Nov. 17, 2017); *see, e.g.*, *Liebowitz v. Galore Media, Inc.*, No. 18-cv-2626 (RA-

HBP), 2018 WL 4519208, at *1–2 (S.D.N.Y. Sept. 20, 2018) (applying the *Cruz* Factors and

imposing a $10,000 bond requirement).

A bond requirement is warranted in this case based at least on the fifth and sixth *Cruz*

Factors—the legal costs expected to be incurred, and Plaintiff's attorney Richard Liebowitz's

history of non-compliance with court orders.[1]

---

[1]  In addition, there is nothing to suggest that Plaintiff would be unable to afford an undertaking or the
limited expenditure that would be required to obtain a bond to satisfy the requirement of an undertaking,
and the merits of Plaintiff's claims are debatable.

### A.     Plaintiff Will Likely Be Required to Pay Democracy Now's Attorney's Fees

Democracy Now has tendered an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure.  Under Rule 68, if Plaintiff rejects the offer and ultimately obtains a judgment that is not more favorable than the unaccepted offer, Plaintiff "must pay the costs incurred after the offer was made."  Fed. R. Civ P. 68(d).  Here, such "costs" include attorney's fees because the statute underlying the claim—the Copyright Act—defines costs to include attorney's fees.  *See* 17 U.S.C. § 505 ("[T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs").

Accordingly, "when the plaintiff [in a copyright action] recovers less than the defendant's formal offer of judgment[,] . . . Rule 68 [of the Federal Rules of Civil Procedure] requires an award to defendant of its fees incurred after that offer."  *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 361 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007) (citing Nimmer on Copyright § 14.10 [B], at 14–139, 14–140).  Thus, even if Plaintiff is successful in proving that Democracy Now infringed his copyright in the Photograph, he will nevertheless be required to pay Democracy Now's post-offer-of-judgment costs if the amount that he recovers is less than Democracy Now's Rule 68 Offer.

Here, even if Plaintiff prevails on the merits of his infringement claim, it is likely that his recovery would be far less than the amount of the Rule 68 Offer.  Plaintiff's actual damages are limited to the license fee for the editorial use of the Photograph.  The highest licensing fee that Plaintiff charges on photo licensing websites appears to be $220.  [*See* Crosby Decl. ¶ 4, Ex. 2.] Democracy Now's profits attributable to the alleged infringement are zero, as Democracy Now is a nonprofit organization that does not rely on advertising revenue and derives no income from the use or distribution of photographs.  [*Id.* ¶ 5.]  As noted, the Rule 68 Offer is approximately

five times Plaintiff's potential actual damages, and includes a reasonable estimate of Plaintiff's

attorneys fees.  [Monahan Decl. ¶ 7.]

Even if Plaintiff elects statutory damages, his recovery is highly unlikely to exceed

Plaintiff's Rule 68 Offer.  It is well established that "statutory damages should bear some relation

to actual damages suffered."  *RSO Records v. Peri*, 596 F. Supp. 849, 862 (S.D.N.Y. 1984); *see*

*also Van Der Zee v. Greenidge*, No. 03 CIV. 8659 (RLE), 2006 WL 44020, at *2 (S.D.N.Y. Jan.

6, 2006) (calculating statutory damages at double the licensing fees typically charged by the

plaintiff); *Sony BMG Music Entertainment v. Tenenbaum*, 721 F. Supp. 2d 85, 103 (D. Mass.

2010) ("[T]here should be some nexus between the jury's statutory damages award and the

actual damages suffered by the plaintiff and the profits, if any, obtained by the

defendant.").  Given Plaintiff's typical license fee and Democracy Now's lack of profits, the

amount of statutory damages assessed should be minimal.

Plaintiff has pled no facts to support his allegation of willful infringement; but even if

willful infringement were found, Plaintiff's recovery should be limited to three times the amount

of the license fee for editorial use of the Photograph.  *See Fameflynet, Inc. v. Shoshanna*

*Collection, LLC*, 282 F. Supp. 3d 618, 627 (S.D.N.Y. 2017) (approving the "general approach of

trebling the highest license fee paid for use of the works" in calculating statutory damages and

awarding $750 in statutory damages for willful infringement); *see also Sailor Music v. IML*

*Corp.*, 867 F. Supp. 565, 570 (E.D. Mich. 1994) (in cases of willful copyright infringement a

"survey of statutory awards throughout the country . . . indicate[s] that . . . courts typically award

three times the amount of a properly purchased license for each infringement").

Thus, even assuming Plaintiff prevails on the merits, it is extremely unlikely that his

damages will exceed the Rule 68 Offer, particularly in a case involving minimal use by a non-

profit entity in a manner that is at least arguably protected as fair use and implied

license.   Because the damages to which Plaintiff may credibly be entitled together with his fees

and costs as of the date of the offer are less than the Rule 68 Offer, it is probable that Plaintiff

will be required to pay Democracy Now's reasonable attorney's fees pursuant to Rule 68.   If

Plaintiff rejects Democracy Now's Rule 68 Offer, which represents a generous calculation of

estimated damages and attorney's fees, Democracy Now will be forced to continue litigating this

case.   A bond is necessary to ensure that Democracy Now can recover at least a portion of the

fees it will be forced to expend.

> **B.**     **Mr. Liebowitz and His Clients Have a History of Failing to Comply with Court Orders and Dismissing Cases After Forcing Opposing Parties to Incur Costs and Fees, as a Result of Which This Court and Others Have Frequently Required Bonds in Cases He Has Brought**

A bond requirement is also warranted here because there is a significant likelihood that

Plaintiff's counsel, Mr. Liebowitz, will evade court orders or voluntarily dismiss this action in an

attempt to make Plaintiff's assets unreachable in the event costs are awarded to Democracy Now.

As this Court previously found:

> Mr. Liebowitz has filed over 500 cases in this district in the past twenty-four months. He has been labelled a copyright "troll." *McDermott v. Monday Monday, LLC*, 17cv9230 (DLC), 2018 WL 1033240, at *3 n.4 (S.D.N.Y. Feb. 22, 2018). Mr. Liebowitz has been sanctioned by this Court for failure to comply with court orders and for filing misleading documents with the Court. *See Paul Steeger v. JMS Cleaning Services, LLC*, 17cv8013 (DLC), ECF No. 22 (imposing sanctions on Mr. Liebowitz and listing cases where Mr. Liebowitz has failed to comply with court orders). A number Mr. Liebowitz's [sic] cases have been dismissed from the bench as frivolous. *See Cruz v. Am. Broad. Cos.*, 17cv8794 (LAK), 2017 WL 5665657, at *2 n.11 (S.D.N.Y. Nov. 17, 2017) (Judge Kaplan noted that he "awarded over $121,000 in attorney's fees against a client of Mr. Liebowitz in three other, related copyright infringement cases that were dismissed from the bench." (citing *Kanongataa v. Am. Broad. Cos.*, 16cv7392 (LAK), 2017 WL 4776981, at *3 (S.D.N.Y. Oct. 4, 2017)). Multiple courts, on their own initiative, have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action. *See, e.g.*, *Pereira v. Kendall Jenner, Inc.*, 17cv6945 (RA) (Mr. Liebowitz voluntarily dismissed the case before responding to the Judge Abrams' Show Cause Order.); *Cruz v. Am. Broad. Cos.*,

17cv8794 (LAK), 2017 WL 5665657, (S.D.N.Y. Nov. 17, 2017) (Mr. Liebowitz informed the court that the parties had settled the case before responding to Judge Kaplan's Show Cause Order.). *See also Tabak v. Idle Media, Inc.*, 17cv8285 (AT), ECF No. 5 (Judge Torres ordered Mr. Liebowitz to show cause why the action should not be transferred. Mr. Liebowitz voluntarily dismissed the case before responding to the Order to Show Cause.); *Reynolds v. Intermarkets, Inc.*, 17cv8795 (AT), ECF No. 4 (same).

*Reynolds v. Hearst Commc'ns, Inc.*, No. 17CV6720 (DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018) (requiring plaintiff to post a $10,000 bond).  Here, the bond requirement is justified in light of Mr. Liebowitz's well-documented history of evading court orders in similar litigation, and in particular, his history of voluntarily dismissing suits in order to avoid paying reasonable attorney's fees to the prevailing defendant.  Courts in this District have held that imposition of a bond is entirely appropriate "relying solely on plaintiff's counsel's record." *Liebowitz v. Galore Media, Inc.*, No. 18-cv-2626 (RA-HBP), 2018 WL 4519208, at *5 (S.D.N.Y. Sept. 20, 2018) (indicating that the sixth *Cruz* Factor alone can warrant the imposition of a bond requirement).

## IV.    CONCLUSION

For all of the foregoing reasons, Defendant Democracy Now respectfully requests that the Court issue an order requiring Plaintiff to post a bond as security for costs in the amount of $10,000 dollars.

Dated: New York, New York
       December 21, 2018

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By:   /s/ Thomas M. Monahan
        Thomas M. Monahan
      30 Rockefeller Plaza
      New York, New York 10112
      Telephone: (212) 653-8700

        James M. Chadwick (*pro hac vice forthcoming*)
      379 Lytton Avenue
      Palo Alto, California 94301
      Telephone: (605) 815-2600

      *Attorneys for Democracy Now! Productions, Inc.*