

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

January 4, 2019

**VIA ECF**

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Mango v. Democracy Now! Productions, Inc.*, 1:18-cv-10588 (DLC)

Dear Judge Cote:

We represent Plaintiff Gregory Mango ("Plaintiff" or "Mango") in the above-captioned case. We write in response to defendant Democracy Now! Production, Inc. ("Defendant")'s motion for an order requiring plaintiff to post a bond pursuant to L.R. 54.2. [Dkt. #12] For the reasons stated below, Plaintiff opposes Defendant's request on substantive grounds. However, because Plaintiff remains confident in the merits of his claims, and in order to avoid further delay in adjudication of this matter, Plaintiff consents to posting $10,000 bond via counsel. As such, Plaintiff respectfully requests that the Court enter the proposed order (filed separately via ECF) and DENY defendant's motion as moot.

**Point I: As a Substantive Matter, Plaintiff Opposes Defendant's Request for A Bond**

Plaintiff opposes Defendant's request for relief on grounds that Defendant has failed to demonstrate that a bond is appropriate in this matter. Courts in this Circuit consider the following factors in determining whether to require a party to post a bond pursuant to the rule: "(1) the financial condition and ability to pay of the party who would post the bond; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders." *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08 CIV. 01533, 2010 WL 3452375, at *2 (S.D.N.Y. Sept. 1, 2010).

First, Defendant has failed to show that Plaintiff lacks the financial ability to satisfy an adverse judgment. *N'Jai v. New York State Higher Educ. Servs. Corp.*, 214 F.R.D. 251, 252 (E.D.N.Y. 2003) (denying bond motion where defendant "has not made an adequate showing that the plaintiff will be unable to pay a judgment of costs. [Defendant] provides no information concerning the plaintiff's financial condition.").



Liebowitz Law Firm, PLLC

Second, Defendant has failed to show Plaintiff is a non-resident or foreign corporation. *Khaldei v. Kaspiev*, No. 10 CIV. 8328 JFK GWG, 2014 WL 7373383, at *2 (S.D.N.Y. Dec. 30, 2014) (denying bond where "the [non-movant] has been a resident of the United States for over 35 years"). Plaintiff has, in fact, resided in New York City for over 30 years. Mango has never lost a case and has never been ordered to post a bond. Local Rule 54.2 was simply not designed to force U.S. citizens, New York residents, and frequent filers in this District to post bond before a full adjudication on the merits.

Third, Defendant has failed to demonstrate that it is likely to prevail on Plaintiff's infringement claim. Indeed, Defendant has not even addressed the merits of the claim in its principal brief. Further, as explained in *Gary Friedrich*, 2010 WL 3452375, at *4, it is not enough for the movant under L.R. 54.2 to demonstrate that it is likely to prevail. Defendant must also bear the heavy burden of showing that it is likely to be awarded its attorneys' fees and costs under 17 U.S.C. § 505, which are "not automatically awarded to every victorious defendant but rather are within the court's discretion to grant." *Id.*[1]

Fourth, Defendant has failed to demonstrate that Plaintiff has disobeyed any court orders. *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 2005 WL 578917, at *1 (S.D.N.Y. March 11, 2005) (denying bond motion where "there is no history of noncompliance with prior orders"). Instead, Defendant's motion is largely predicated on a false and pejorative stereotype which mischaracterizes Plaintiff's counsel (as opposed to Plaintiff) as a so-called "copyright troll." As a general matter, this stereotype should be banished from the Court's lexicon as the use of derogatory stereotypes are anathema to the American system of fair play and justice. As for the application of that odious term to Plaintiff's counsel or Plaintiff, it is patently erroneous. As explained by Judge Hellerstein in *Malibu Media, LLC v. Doe*, No. 15 CIV. 4369 AKH, 2015 WL 4092417, at *2 (S.D.N.Y. July 6, 2015), so called "copyright trolls" are not interested in taking cases to trial or prosecuting them on their merits. But Plaintiff's counsel routinely litigates infringement cases on their merits and WINS. *See, e.g. Otto v. Hearst Commc'ns, Inc.,* No. 1:17-CV-4712-GHW, 2018 WL 6510801 (S.D.N.Y. Dec. 10, 2018) (finding defendant liable for copyright infringement on summary judgment); *Chicoineau v. Bonnier Corp.*, 2018 WL 6033987 (S.D.N.Y. October 16, 2018) (same); *Goodman v. Universal Beauty Prod. Inc.*, No. 17-CV-1716 (KBF), 2018 WL 1274855, at *5 (S.D.N.Y. Mar. 9, 2018) (same). Moreover, Mango has proceeded to trial on the merits of an infringement claim. *See Mango v. Buzzfeed, Inc.*, 17-cv-6784 (VM) (holding bench trial on August 13, 2018).

---

[1] Defendant's argument that a Rule 68 offer of judgment permits a *non-prevailing* defendant to recover fees under the Copyright Act is manifestly erroneous and contrary to Supreme Court law. *See Marek v. Chesny*, 105 S.Ct. 3012, 3017 (1985) (finding that the term "costs" in Rule 68 encompasses "all costs properly awardable under the relevant substantive statute or other authority."). Based on *Marek's* holding, the majority of courts hold that because section 505 of the Copyright Act only permits a "prevailing party" to recover attorneys' fees "as costs," a copyright plaintiff cannot be liable for a non-prevailing defendant's post-offer attorneys' fees under Rule 68. *See, e.g.*, *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022, 1048 (9th Cir. 2011) ("because . . . attorney's fees were not "properly awardable" under § 505 in this case, fees could not be awarded under Rule 68"); *Harbor Motor Co., Inc. v. Arnell Chevrolet–Geo, Inc.*, 265 F.3d 638 (7th Cir. 2001) (under the Copyright Act, a non-prevailing defendant cannot recover attorneys' fees as part of a Rule 68 award); *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 381 (E.D.N.Y. 2004) ("where . . . costs and fees are properly awardable only to the prevailing party, a defendant who has not prevailed is not entitled to attorneys' fees when seeking to collect costs pursuant to Rule 68").

Liebowitz Law Firm, PLLC

**Point II:** **Notwithstanding Plaintiff's Substantive Opposition to Defendant's Motion, Plaintiff Consents to Posting a $10,000 Bond Via Counsel in Order to Avoid Further Delay**

Given Plaintiff's confidence in the merits of his claims, and to avoid further delay occasioned by Defendant's ancillary motion practice, Plaintiff consents to the entry of a proposed order [attached hereto] which requires his counsel to post $10,000 bond on his behalf. Accordingly, Plaintiff respectfully requests that Defendant's motion for a bond be DENIED as moot.

Respectfully Submitted,

**/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff Gregory Mango*