UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY MANGO,<br><br>           Plaintiff,<br><br>           v.<br><br>DEMOCRACY NOW! PRODUCTIONS, INC.,<br><br>           Defendant. | Case No.: 1:18-cv-10588-DLC |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR AN
<u>ORDER REQUIRING PLAINTIFF TO POST AN ADDITIONAL BOND</u>**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND ................................................................................3

III. ARGUMENT .........................................................................................................5

      A. Plaintiff Will Likely Be Required to Pay Democracy Now's Attorney's Fees ..........................................................................................................6

      B. Mr. Liebowitz and His Clients Have a History of Failing to Comply with Court Orders and Dismissing Cases After Forcing Opposing Parties to Incur Costs and Fees, as a Result of Which This Court and Others Have Frequently Required Bonds in Cases He Has Brought ............................9

      C. The Costs of Defense in This Action Will Almost Certainly Exceed the Amount of Security Democracy Now is Seeking, and it Appears That Plaintiff Would be Unable to Satisfy an Award of Costs ......................11

IV. CONCLUSION ....................................................................................................12

## **TABLE OF AUTHORITIES**

**Page(s)**

Cases

*Baker v. Urban Outfitters, Inc.*
   431 F. Supp. 2d 351, 361 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007) ...................................................................................................................................7

*Cruz v. American Broadcasting Companies, Inc.*
   2017 U.S. Dist. LEXIS 196317, at *2 (S.D.N.Y. Nov. 17, 2017 ..........................................6, 9

*Fameflynet, Inc. v. Shoshanna Collection, LLC*
   282 F. Supp. 3d 618 (S.D.N.Y. 2017)...................................................................................8

*Kanongataa v. Am. Broad. Cos.*
   16cv7392 (LAK), 2017 WL 4776981, at *3 (S.D.N.Y. Oct. 4, 2017) ......................................9

*Liebowitz v. Galore Media, Inc.*
   No. 18-cv-2626, 2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018) .........................................6, 10

*McDermott v. Monday Monday, LLC*
   17cv9230 (DLC), 2018 WL 1033240, at *3 n.4 (S.D.N.Y. Feb. 22, 2018) .............................9

*McDermott v. Monday Monday, LLC*
   No. 17-cv-9230 (DLC), 2018 WL 1033240 (S.D.N.Y. Feb. 22, 2018).....................................1

*Paul Steeger v. JMS Cleaning Services, LLC*
   17cv8013 (DLC) ....................................................................................................................9

*Reynolds v. Hearst Commc'ns, Inc.*
   No. 17CV6720 (DLC), 2018 WL 1229840 (S.D.N.Y. Mar. 5, 2018)....................................10

*RSO Records v. Peri*
   596 F. Supp. 849 (S.D.N.Y. 1984) ........................................................................................7

*Sailor Music v. IML Corp.*
   867 F. Supp. 565 (E.D. Mich. 1994).......................................................................................8

*Selletti v. Carey*
   173 F.R.D. 96..........................................................................................................................6

*Sony BMG Music Entertainment v. Tenenbaum*
   721 F. Supp. 2d 85 (D. Mass. 2010) .......................................................................................8

*Van Der Zee v. Greenidge*
   No. 03 CIV. 8659 (RLE), 2006 WL 44020 (S.D.N.Y. Jan. 6, 2006) .......................................7

Statutes

17 U.S.C. § 106................................................................................................................................3

17 U.S.C. § 501................................................................................................................................3

17 U.S.C. § 505...........................................................................................................................3, 7

Other Authorities

Fed. R. Civ P. 68..........................................................................................................2, 4, 5, 6, 7, 8

Local Civil Rule 33.3..................................................................................................................1, 5

Local Civil Rule 54.2...............................................................................................................1, 5, 6

Defendant Democracy Now! Productions, Inc. ("Democracy Now") submits this Memorandum of Law in support of its Motion for an order requiring Plaintiff Gregory Mango ("Plaintiff") to post an additional bond in the amount of $100,000 as security for costs pursuant to Rule 54.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 54.2").

## I.   INTRODUCTION

As this Court is well aware, Richard Liebowitz, counsel for Plaintiff, has filed hundreds of copyright infringement cases like this one in this District, and has often been described as a "copyright troll." *See, e.g.*, *McDermott v. Monday Monday, LLC*, No. 17-cv-9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018). Liebowitz's strategy in such cases is to use the high costs of defense as leverage to force settlements far in excess of the copyright holder's damages, and to dismiss cases to avoid paying attorney's fees to a prevailing defendant. His practices have been repeatedly sanctioned by this Court and others in this District. In light of these facts, Democracy Now filed a motion to require Plaintiff to post a $10,000 bond to secure its costs and fees in this action. Plaintiff did not oppose that motion, and this Court ordered Plaintiff to post such security. Plaintiff posted a $10,000 bond on March 7, 2019.

Unfortunately, after the parties were unable to agree upon non-monetary terms to resolve this matter, despite the efforts of Magistrate Judge Freeman in two telephonic settlement conferences, Plaintiff has now served discovery consistent with his strategy of using high defense costs in an effort to leverage settlement. For example, Plaintiff has served 53 document requests, many if not most of which are not tailored to the facts of this case this case. Plaintiff has also served 29 interrogatories, in violation of the Federal Rules of Civil Procedure with respect to the number of interrogatories that a party may serve. Many of those interrogatories also violate Local Rule 33.3's prohibition of contention interrogatories. Given this conduct, and

the conduct of Plaintiff's counsel in other cases, Democracy Now anticipates that Plaintiff will seek to make discovery and other proceedings in this action unduly burdensome and costly, and disproportional to the needs of the case, consistent with their strategy of seeking to coerce an unwarranted settlement.

In addition, it appears that Plaintiff does not have the ability to pay Democracy Now's defense costs in the event that Democracy Now is awarded its fees and costs in connection with this action, as is likely. Plaintiff filed a petition for Chapter 7 bankruptcy on September 13, 2004 listing no assets and in excess of $40,000 in credit card debt. Rather than pay those debts, Plaintiff obtained a discharge of his obligations. Democracy Now's investigation has also failed to reveal any real property or other assets from which Plaintiff could satisfy a judgment for its fees and costs. Plaintiff himself is also engaged in the same litigation strategy as his counsel, having filed more than a dozen copyright infringement cases and using the high costs of defense as leverage to force settlements far in excess of the his damages. Of the more than a dozen cases that Plaintiff has filed, only one has proceeded to trial.

In light of these facts and Democracy Now's prior Offer of Judgment, an additional bond of $100,000 is warranted in this case based on: (1) the anticipated burden and cost of discovery and other court proceedings likely to occur before the resolution of this matter; (2) the likelihood that Plaintiff will not obtain a more favorable judgment than the Rule 68 offer of judgment previously issued by Democracy Now, and will thus be required to pay Democracy Now's post-offer attorney's fees; and (3) Liebowitz's history of voluntarily dismissing cases to avoid paying such fees to a prevailing defendant. The Court previously ordered Plaintiff to post of bond of $10,000, which he has done. However, that bond is now clearly insufficient. The parties have been unable to reach a settlement agreement and discovery is now underway. An additional

bond is necessary to ensure that Democracy Now can obtain payment of an award of the much greater fees and costs it will now be required to incur.

## II.     FACTUAL BACKGROUND

Plaintiff is a professional photographer who licenses his photos to online and print media. [Compl. ¶ 5.] Plaintiff is the author and copyright holder of a photo of Kellyanne Conway and her husband George Conway (the "Photograph"). [*Id.* ¶¶ 7-8.] Plaintiff alleges that on or about March 20, 2017, Democracy Now, a non-profit investigative journalism organization that operates the website www.democracynow.org and provides content to other news organizations, ran an article entitled *Kellyanne Conway Has Helped Female Friends Get Abortions*. [*Id.* ¶¶ 6, 10.] Plaintiff alleges that the article included the Photograph and that Democracy Now did not have his permission to publish the Photograph on its website. [*Id.* ¶¶ 10-11.]

On March 26, 2017, Plaintiff registered the Photograph as part of a group registration of 37 photographs. [*Id.* ¶ 9, Ex. B.] On November 13, 2018, Plaintiff filed the instant Complaint against Democracy Now claiming copyright infringement of the Photograph pursuant to 17 U.S.C. §§ 106 and 501. [*Id.* ¶ 14.] Plaintiff seeks actual damages and Democracy Now's profits, or in the alternative, statutory damages of up to $150,000 for allegedly willful infringement, as well as attorney's fees and costs pursuant to 17 U.S.C. § 505. [*Id.* ¶¶ 16-18.]

As is typical in cases brought by Mr. Liebowitz, the Photograph is ubiquitously used and available online. [December 21, 2018 Declaration of Thomas Monahan, Dkt. No. 13, hereafter "Monahan Decl.," ¶ 4 and Ex. 1.] Indeed, the Photograph has appeared on at least one website purporting to offer it for free. [*Id.* ¶ 5 and Ex. 2.] As is typical of Mr. Liebowitz, no request that the Photograph be removed nor any offer of or demand for a reasonable license fee preceded the commencement of litigation. [Declaration of Julie Crosby, Dkt. No. 14, hereafter "Crosby

Decl.," ¶ 3.] Once Democracy Now received notice of the lawsuit, it promptly removed the Photograph. [*Id.*]

Democracy Now subsequently researched the license fees normally charged for worldwide, online use of comparable images by Plaintiff. [*Id.* ¶ 4.] The fees for licenses to such images were between $50 and $220. [*Id.* and Exs. 1 and 2.] On December 10, 2018, Democracy Now tendered an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure (the "Rule 68 Offer"). [Monahan Decl., ¶ 6.] The Rule 68 Offer represented an amount that was five times Plaintiff's typical photo licensing fee for editorial use, and included the estimated cost of Plaintiff's attorney's fees incurred as of the time of the offer. [*Id.* ¶ 7.] Plaintiff rejected the Rule 68 Offer the same day, demanding a sum several orders of magnitude more than any reasonable license fee. [*Id.* ¶ 8.] Plaintiff did not accept the Rule 68 Offer within the time provided by Rule 68, thereby rejecting it as a matter of law as well as practically. [*Id.*]

After issuing its Rule 68 Offer, Democracy Now filed a motion to require Plaintiff to post a $10,000 bond to secure its costs and fees in this action. [Dkt. 11.] Plaintiff did not oppose that motion, and this Court ordered Plaintiff to posed such security. [Dkt. 17, 21.] Thereafter, the parties reached a settlement in principle, but the parties were unable to agree upon certain non-monetary terms necessary to consummate their settlement. [Dkt. 25.] The parties appeared before this Court for an Initial Pretrial Conference on March 1, 2019, at which time this Court directed that Plaintiff post a $10,000 bond and referred this matter to Magistrate Judge Freeman for a settlement conference. [Dkt. 29, 30.] On March 7, 2019, Plaintiff posted a $10,000 bond.

The parties appeared before Magistrate Judge Freeman on March 14, 2019 and on May 7, 2019 for a telephonic settlement conferences. [Dkt. 32, May 8, 2019 Minute Entry.] Unfortunately, despite Judge Freeman's efforts, the parties were unable to agree upon the non-

monetary terms necessary to resolve this matter [*Id.*]  Even before the completion of the settlement conference process, on April 7, 2019, Plaintiff served initial disclosures, document requests and interrogatories.  [May 14, 2019 Declaration of Thomas Monahan, hereafter "2019 Monahan Decl.," Exs. 3-5.]  Plaintiff's discovery included 53 document requests, many if not most of which are not tailored to the facts of this case this case.  [*Id*. Ex. 4]  Plaintiff also served 29 interrogatories, in violation of the Federal Rules of Civil Procedure with respect to the number of interrogatories that a party may serve.  [*Id*. Ex. 5.]  Many of those interrogatories also violate Local Rule 33.3 with respect to contention interrogatories.  [*Id.*]  Democracy Now anticipates that its defense costs in this matter will exceed $110,000.  [*Id*. ¶ 11.]

It appears that Plaintiff does not have the ability to pay Democracy Now's defense costs in the event that Democracy Now is awarded its fees and costs in connection with this action.  Plaintiff filed a petition for Chapter 7 bankruptcy on September 13, 2004 listing no assets and in excess of $40,000 in credit card debt.  [*Id.* Ex. 6.]  Rather than pay those debts, Plaintiff obtained a discharge of his obligations.  [*Id.* Ex. 7.]  Democracy Now's investigation has failed to reveal any real property or other assets from which Plaintiff could satisfy a judgment for its fees and costs.  [*Id*. ¶ 12.]  Plaintiff himself is engaged in the same litigation strategy as his counsel, having filed more than a dozen copyright infringement cases and the using the high costs of defense as leverage to force settlements far in excess of the his damages.  [*Id*. Ex. 8.]  Of the more than a dozen cases that Plaintiff has filed, only one has proceeded to trial.  [*Id*. Ex. 9.]  In that case, Plaintiff obtained only $3,750 in statutory damages on his claim for copyright infringement.  [*Id.*]  The judgment in that case is on appeal.  [*Id.*]

### III.   ARGUMENT

Through this Motion, Democracy Now requests that Plaintiff be required to post an additional bond in the amount of $100,000 as security for costs pursuant to Rule 54.2 of the

Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

Local Civil Rule 54.2 provides, in pertinent part, that "[t]he Court on motion or on its own initiative may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate." Judges considering whether to require a party to post a bond or additional security for costs under Local Civil Rule 54.2 have considered the following factors set forth in *Cruz v. American Broadcasting Companies, Inc.*, (the "*Cruz* Factors"): (1) the financial condition and ability to pay of the party at issue; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders. *Cruz*, No. 17-cv-8794 (LAK), 2017 U.S. Dist. LEXIS 196317, at *2 (S.D.N.Y. Nov. 17, 2017). *See also, e.g.*, *Selletti v. Carey*, 173 F.R.D. 96, 100-101; *Liebowitz v. Galore Media, Inc.*, No. 18-cv-2626 (RA-HBP), 2018 WL 4519208, at *1–2 (S.D.N.Y. Sept. 20, 2018). An additional bond is warranted in this case based at least on the first, fourth, fifth and sixth *Cruz* Factors—the extent and scope of discovery, the legal costs expected to be incurred, and Plaintiff's attorney Richard Liebowitz's history of non-compliance with court orders.

### A. Plaintiff Will Likely Be Required to Pay Democracy Now's Attorney's Fees

Democracy Now tendered an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, which Plaintiff rejected. Under Rule 68, if Plaintiff ultimately obtains a judgment that is not more favorable than the rejected offer, Plaintiff "must pay the costs incurred after the offer was made." Fed. R. Civ P. 68(d). Here, such "costs" include attorney's fees because the statute underlying the claim—the Copyright Act—defines costs to include attorney's

fees.  *See* 17 U.S.C. § 505 ("[T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs").

Accordingly, "when the plaintiff [in a copyright action] recovers less than the defendant's formal offer of judgment[,] . . . Rule 68 [of the Federal Rules of Civil Procedure] requires an award to defendant of its fees incurred after that offer." *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 361 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007) (citing Nimmer on Copyright § 14.10 [B], at 14–139, 14–140).  Thus, even if Plaintiff is successful in proving that Democracy Now infringed his copyright in the Photograph, he will nevertheless be required to pay Democracy Now's post-offer-of-judgment costs if the amount that he recovers is less than Democracy Now's Rule 68 Offer.

Here, even if Plaintiff prevails on the merits of his infringement claim, it is likely that his recovery would be far less than the amount of the Rule 68 Offer.  Plaintiff's actual damages are limited to the license fee for the editorial use of the Photograph.  The highest licensing fee that Plaintiff charges on photo licensing websites appears to be $220.  [*See* Crosby Decl. ¶ 4, Ex. 2.] Democracy Now's profits attributable to the alleged infringement are zero, as Democracy Now is a nonprofit organization that does not rely on advertising revenue and derives no income from the use or distribution of photographs.  [*Id.* ¶ 5.]  As noted, the Rule 68 Offer is approximately five times Plaintiff's potential actual damages, and includes in addition a reasonable estimate of Plaintiff's attorneys fees incurred as of the date of the offer.  [Monahan Decl. ¶ 7.]

Even if Plaintiff elects statutory damages, his recovery is highly unlikely to exceed Plaintiff's Rule 68 Offer.  It is well established that "statutory damages should bear some relation to actual damages suffered."  *RSO Records v. Peri*, 596 F. Supp. 849, 862 (S.D.N.Y. 1984); *see also Van Der Zee v. Greenidge*, No. 03 CIV. 8659 (RLE), 2006 WL 44020, at *2 (S.D.N.Y. Jan.

6, 2006) (calculating statutory damages at double the licensing fees typically charged by the plaintiff); *Sony BMG Music Entertainment v. Tenenbaum*, 721 F. Supp. 2d 85, 103 (D. Mass. 2010) ("[T]here should be some nexus between the jury's statutory damages award and the actual damages suffered by the plaintiff and the profits, if any, obtained by the defendant."). Given Plaintiff's typical license fee and Democracy Now's lack of profits, the amount of statutory damages assessed should be minimal.

Plaintiff has pled no facts to support his allegation of willful infringement; but even if willful infringement were found, Plaintiff's recovery should be limited to three times the amount of the license fee for editorial use of the Photograph. *See Fameflynet, Inc. v. Shoshanna Collection, LLC*, 282 F. Supp. 3d 618, 627 (S.D.N.Y. 2017) (approving the "general approach of trebling the highest license fee paid for use of the works" in calculating statutory damages and awarding $750 in statutory damages for willful infringement); *see also Sailor Music v. IML Corp.*, 867 F. Supp. 565, 570 (E.D. Mich. 1994) (in cases of willful copyright infringement a "survey of statutory awards throughout the country . . . indicate[s] that . . . courts typically award three times the amount of a properly purchased license for each infringement"). Thus, even assuming Plaintiff prevails on the merits, it is extremely unlikely that his damages will exceed the Rule 68 Offer, particularly in a case involving minimal use by a non-profit entity in a manner that is at least arguably protected as fair use and by implied license. Because the damages to which Plaintiff may credibly be entitled together with his fees and costs as of the date of the offer are less than the Rule 68 Offer, it is probable that Plaintiff will be required to pay Democracy Now's reasonable attorney's fees pursuant to Rule 68. As Plaintiff rejected Democracy Now's Rule 68 Offer, which represented a generous calculation of estimated damages and attorney's fees, Democracy Now has now been forced to continue litigating this case. An additional bond

is necessary to ensure that Democracy Now can recover at least a portion of the fees it will be forced to expend in defending this litigation.

"Security often has been required where the merits of a plaintiff's case are questionable and there is doubt as to the plaintiff's ability to satisfy any costs judgment that ultimately may be imposed." *Cruz*, No. 17-cv-8794 (LAK), 2017 U.S. Dist. LEXIS 196317, at *2-3. In this case, Plaintiff is likely to be subjected to an obligation to pay Democracy Now's attorneys' fees and costs *regardless of the merits of his case*. Thus, an additional bond is warranted.

### B. Mr. Liebowitz and His Clients Have a History of Failing to Comply with Court Orders and Dismissing Cases After Forcing Opposing Parties to Incur Costs and Fees, as a Result of Which This Court and Others Have Frequently Required Bonds in Cases He Has Brought

A bond requirement is also warranted here because there is a significant likelihood that Plaintiff's counsel, Mr. Liebowitz, will evade court orders or voluntarily dismiss this action in an attempt to make Plaintiff's assets unreachable in the event costs are awarded to Democracy Now. As this Court previously found:

> Mr. Liebowitz has filed over 500 cases in this district in the past twenty-four months. He has been labelled a copyright "troll." *McDermott v. Monday Monday, LLC*, 17cv9230 (DLC), 2018 WL 1033240, at *3 n.4 (S.D.N.Y. Feb. 22, 2018). Mr. Liebowitz has been sanctioned by this Court for failure to comply with court orders and for filing misleading documents with the Court. *See Paul Steeger v. JMS Cleaning Services, LLC*, 17cv8013 (DLC), ECF No. 22 (imposing sanctions on Mr. Liebowitz and listing cases where Mr. Liebowitz has failed to comply with court orders). A number Mr. Liebwoitz's [sic] cases have been dismissed from the bench as frivolous. *See Cruz v. Am. Broad. Cos.*, 17cv8794 (LAK), 2017 WL 5665657, at *2 n.11 (S.D.N.Y. Nov. 17, 2017) (Judge Kaplan noted that he "awarded over $121,000 in attorney's fees against a client of Mr. Liebowitz in three other, related copyright infringement cases that were dismissed from the bench." (citing *Kanongataa v. Am. Broad. Cos.*, 16cv7392 (LAK), 2017 WL 4776981, at *3 (S.D.N.Y. Oct. 4, 2017)). Multiple courts, on their own initiative, have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action. *See, e.g.*, *Pereira v. Kendall Jenner, Inc.*, 17cv6945 (RA) (Mr. Liebowitz voluntarily dismissed the case before responding to the Judge Abrams' Show Cause Order.); *Cruz v. Am. Broad. Cos.*, 17cv8794 (LAK), 2017 WL 5665657, (S.D.N.Y. Nov. 17, 2017) (Mr. Liebowitz informed the court that the parties had settled the case before responding to Judge

>Kaplan's Show Cause Order.). *See also Tabak v. Idle Media, Inc.*, 17cv8285 (AT), ECF No. 5 (Judge Torres ordered Mr. Liebowitz to show cause why the action should not be transferred. Mr. Liebowitz voluntarily dismissed the case before responding to the Order to Show Cause.); *Reynolds v. Intermarkets, Inc.*, 17cv8795 (AT), ECF No. 4 (same).

*Reynolds v. Hearst Commc'ns, Inc.*, No. 17CV6720 (DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018) (requiring plaintiff to post a $10,000 bond). Here, the bond requirement is justified in light of Mr. Liebowitz's well-documented history of evading court orders in similar litigation, and in particular, his history of voluntarily dismissing suits in order to avoid paying reasonable attorney's fees to the prevailing defendant. Courts in this District have held that imposition of a bond is entirely appropriate "relying solely on plaintiff's counsel's record." *Liebowitz v. Galore Media, Inc.*, No. 18-cv-2626 (RA-HBP), 2018 WL 4519208, at *5 (S.D.N.Y. Sept. 20, 2018) (indicating that the sixth *Cruz* Factor alone can warrant the imposition of a bond requirement).

Mr. Liebowitz claims that the Court's characterization of him and his conduct is unwarranted, and that neither he nor his client are "copyright trolls." He asserts that this term connotes plaintiffs or counsel "not interested in taking cases to trial or prosecuting them on their merits." [January 5, 2019 Letter to the Court from Mr. Liebowitz, Dkt. 17.] This definition describes Mr. Liebowitz and his client quite accurately. As the Court has noted, Mr. Liebowitz has filed literally hundreds of cookie-cutter copyright infringement actions, principally in this district but also around the country. [2019 Monahan Decl., ¶ 11 and Ex. 10.] That out of all of these hundreds of cases Mr. Liebowitz has litigated two or three to a summary judgment and has taken one to trial (apparently only because the defendant would not accede to his unwarranted settlement demands) merely underscores how closely he fits his own definition. Furthermore, as noted, it appears that Plaintiff has adopted essentially the same approach. [2019 Monahan Decl., ¶ 9 and 10 and Exs. 8 and 9.]

Regardless of any label that may be applied to Plaintiff's counsel or Plaintiff, however, Mr. Liebowitz's history of evading court orders and of voluntarily dismissing suits to avoid paying attorneys' fees cannot be ignored, and further supports an order requiring an additional bond.

### C. The Costs of Defense in This Action Will Almost Certainly Exceed the Amount of Security Democracy Now is Seeking, and it Appears That Plaintiff Would be Unable to Satisfy an Award of Costs

As discussed above, Plaintiff has already served discovery that is disproportional to the needs of the case given the amount of damages that Plaintiff can reasonably claim. In addition to responding and objecting to the 53 document requests and 29 interrogatories that Plaintiff has served, and producing documents in response to those requests, the parties will need to proceed with depositions and potentially engage in summary judgment briefing in advance of trial. Democracy Now reasonably anticipates that these costs will exceed $110,000, meriting the additional $100,000 in security that Democracy Now is requesting by this motion.

In the event Democracy Now is awarded its fees and costs in this matter, it appears that Plaintiff would not have the ability to pay them. Plaintiff has previously filed a petition for Chapter 7 bankruptcy to avoid approximately $40,000 in unsecured debt. An award of costs would be similarly unsecured. It also appears that Plaintiff has no other assets from which he could satisfy a judgment for its fees and costs. Plaintiff describes himself as an "independent" photojournalist. (*See* http://www.nyppa.org/members-list.) As such, it is unlikely that his income is sufficient to enable him to satisfy of judgment of $110,000 or more. As Plaintiff himself is engaged in the same litigation strategy as his counsel, filing numerous copyright infringement cases and the using the high costs of defense as leverage to extort settlements far in excess of the his damages, a bond to secure the litigation costs of Democracy Now is appropriate.

## IV.     CONCLUSION

For all of the foregoing reasons, Defendant Democracy Now respectfully requests that the Court issue an order requiring Plaintiff to post a bond as security for costs in the amount of $100,000 dollars.

Dated:   New York, New York
         May 14, 2018

>                        Respectfully submitted,
>
>                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
>
>
>                        By:   /s/ Thomas M. Monahan
>                              Thomas M. Monahan
>                              30 Rockefeller Plaza
>                              New York, New York 10112
>                              Telephone: (212) 653-8700
>
>                              James M. Chadwick (*pro hac vice forthcoming*)
>                              379 Lytton Avenue
>                              Palo Alto, California 94301
>                              Telephone: (605) 815-2600
>
>                              *Attorneys for Democracy Now! Productions, Inc.*