# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY MANGO<br><br>                    Plaintiff,<br><br>- against -<br><br>DEMOCRACY NOW! PRODUCTIONS, INC.<br><br>                    Defendant. | Case No. 1:19-cv-10588-DLC |

**PLAINTIFF GREGORY MANGO'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Gregory Mango ("plaintiff" or "Mango"), by and through his attorneys, hereby requests that Defendant Democracy Now! Productions, Inc. ("defendant" or "Democracy Now") produce all documents specified in the requests below at the offices of Liebowitz Law Firm PLLC, 11 Sunrise Plaza, Suite 305, Valley Stream, NY 11580, attn. Richard Liebowitz, Esq., within thirty (30) days of the date hereof.

**DEFINITIONS**

1. The definitions set forth in Rule 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 are hereby incorporated by reference, including the definitions of "communication," "document," "identify" (with respect to persons), "identify" (with respect to documents), "defendant," "person," and "concerning."

2. "Action" shall mean the above-captioned action.

3. The term "Complaint" means the pleading which initiated the Action.

4. The term "Photograph" means the photograph of Kellyanne Conway which is depicted in Exhibit A to the Complaint [Dkt. # 1-1].

1

5. The term "Website" means the URL where the Photograph were displayed by defendant.

6. The term "produce" means to make available the documents requested herein for inspection and copying and to separate such documents into categories set forth in this request.

7. The term "records" shall mean all methods of arranging or storing papers, documents or other recordings of data whether contained in folders, cabinets or other containers, whether recorded on magnetic cards, tapes or discs, hard drives, clouds, or any other media, which are or have been maintained by defendant or on defendant's behalf for preservation or reference.

8. The term "including" means including but not limited to.

9. "You" and "your" shall refer to the plaintiffs in this action and their agents, representatives, and anyone else acting on behalf of one or more of them.

## INSTRUCTIONS

1. All documents shall be produced in accordance with Federal Rules of Civil Procedure 26 and 34 and Local Civil Rule 26.1 *et seq*.

2. This request includes all documents kept in electronic form, including, but not limited to, electronic mail files, files stored on a computer hard drive or server, and documents kept on removable media (e.g., CD-ROM, DVD, or USB thumb drive).

3. The fact that a document has been or may be produced by any other person does not relieve you from your obligation to produce the document even if the two documents are identical in all respects.

4. The terms of this request shall be interpreted in accordance with the rules of construction set forth in Local Rule 26.3(c) so that (i) the terms "all," "any," and "each" shall be construed as any and all; (ii) the connectives "and" and "or" shall be construed either

2

disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of his scope; and (iii) the use of the singular form of a word includes the plural and vice versa.

5. The term "including" shall not be construed to limit the scope of any document request.

6. In responding to this request, furnish all information that is available to you or subject to your control, including information in the possession or control of your attorneys, accountants, advisors, agents, representatives, or other persons or entities directly or indirectly employed by, or connected with, you or your agents or representatives. All documents that are responsive, in whole or part, to any portion of the requests herein shall be produced in their entirety, including all drafts, attachments, and disclosures.

7. Responsive documents and correspondence shall be produced as kept by defendant in the ordinary course of business and shall be legible and bound or stapled in the same manner as the original. If there are no documents or things responsive to a particular request, state so in writing.

8. Each request herein for a document or documents to be produced contemplates production of responsive documents in their entirety without abbreviation or expurgation, along with all attachments, appendices, enclosures, and exhibits. Where any copy of any document whose production is sought, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

9. If a responsive document has been lost or destroyed: state his author, preparer, or originator; recipient(s); date; subject matter; and all persons to whom copies were directed,

furnished, or addressed; describe the contents of the document; the last known location(s) of such document and any additional copies thereof; and the date or approximate time of the loss or destruction, the reason therefor, and the person or persons responsible therefor.

10. If any document cannot be produced in full, produce it to the extent possible, specifying your reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

11. If and to the extent any request is objected to, state with specificity all grounds for the objection. Any ground not stated within the time prescribed by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

12. If you claim that any particular request is beyond the scope of permissible discovery, specify in detail each and every ground for that claim.

13. If a claim of privilege is asserted in objecting to any request or sub-part thereof, and documents are withheld on the basis of such assertion, furnish a list providing the information required by Local Rule 26.2.

14. Pursuant to Federal Rule of Civil Procedure 26(e), this document request is to be regarded as continuing. Defendant is under an obligation to supplement his responses to include any additional information thereafter acquired if the additional information indicates that a prior response was either incorrect when made or is no longer accurate or complete.

15. Unless otherwise stated, the documents requested are those referring to, in effect during, or created during, the period from January 1, 2016 to the date of these requests (the "Time Period").

16. Plaintiff reserves the right to serve supplemental or additional requests for the production of documents.

**DOCUMENT REQUESTS**

4

Produce the following:

1. All records, documents and communications concerning defendant's discovery of the Photograph, including all communications to, from and between person or persons who first came across the Photograph.

2. All records, documents and communications concerning other uses of the Photograph by defendant and any affiliate, subsidiary, or parent company of defendant.

3. All records, documents and communications concerning defendant's decision to use the Photograph, including all communications to, from and between any person or persons who participated in the decision-making process to use the Photograph.

4. All records, documents and communications concerning defendant's process of editing the Photograph, including all communications to, from and between any person or persons who participated in the editorial process.

5. All records, documents and communications concerning the gutter credit underneath the Photograph.

6. All records, documents and communications concerning defendant's data entry forms or data entry templates, whether in digital format or hard copy, used by defendant to upload the Photograph to the Website.

7. All records, documents and communications concerning defendant's data entry forms or data entry templates, whether in digital format or hard copy, used by defendant to edit the Photograph before displaying it on the Website.

8. All records, documents and communications concerning defendant's efforts to identify the name of copyright holder, copyright owner and/or copyright author of the Photograph.

9. All records, documents and communications concerning defendant's efforts to

identify the name the photographer of the Photograph.

10. All records, documents and communications concerning defendant's efforts to contact the photographer of the Photograph prior to defendant's publication of the Photograph.

11. All records, documents and communications concerning defendant's efforts to license the Photograph.

12. All records, documents and communications between defendant's counsel and any editor or journalist concerning publication of the Photograph prior to the Photograph' publication on the Website.

13. All records, documents and communications concerning defendant's internal policy, Standards & Practices, or other guidance for obtaining permission, consent or license to any copyrightable material and which were in effect at the time the Photograph were published to the Website.

14. All records, documents and communications concerning advertising revenue generated by the Website in connection with defendant's publication of the Website.

15. All records, documents and communications concerning the subject matter of the Photograph.

16. All records, documents and communications concerning the editor or journalist who posted or published the Website.

17. All records, documents and communications concerning the Photograph.

18. All agreements with advertisers for the Website.

19. All records, documents and communications concerning defendant's estimated net worth for the year ending 2018.

20. All records, documents and communications concerning defendant's estimated

6

net worth for the year ending 2017.

21. All records, documents and communications concerning defendant's estimated net worth for the year ending 2016.

22. All records, documents and communications concerning defendant's gross revenues for the year ending 2018.

23. All records, documents and communications concerning defendant's gross revenues for the year ending 2016.

24. All records, documents and communications concerning defendant's gross revenues for the year ending 2017.

25. All records, documents and communications concerning the "likes," "shares," "reposts," "tweets," and "comments" posted to the Website after defendant's publication of the Photograph.

26. All records, documents and communications concerning the number of visitors who have clicked on the Website since the first date of the Website's publication.

27. All records, documents and communications between defendant and plaintiff prior to the filing of the Action.

28. All copies of complaints in any copyright-related action filed against defendant in the last three years.

29. All records, documents and communications that support defendant's position that it did not commit copyright infringement of the Photograph.

30. All records, documents and communications which may be used to prove the elements of any affirmative defense asserted by defendant in his answer to the Complaint.

31. All records, documents and communications concerning any advertising or other actions done to increase traffic to the Website.

32. All records, documents and communications that you intend to introduce as exhibits or otherwise use in support of your position, or in opposition to any position taken by plaintiff, on any motion or at any hearing or trial in this action.

33. All records, documents and communications to which you refer in your Initial Disclosures.

34. All records, documents and communications referred to in your interrogatories to plaintiff.

35. All records, documents, statements, invoices and contracts which show that defendant has licensed Photograph for use on the Website.

36. All records, documents, statements, invoices and contracts which show that defendant has licensed Photograph for use on any website owned and operated by defendant.

37. All records, documents, statements, invoices and contracts concerning defendant's licensing of Photograph via third-party stock photography agencies for use on the Website.

38. All records, documents, statements, agreement, invoices and contracts concerning defendant's licensing of Photograph from third-party freelance photographers for use on the Website.

39. All records, documents, statements, agreement, invoices and contracts concerning defendant's licensing of Photograph from staff photographers for use on the Website.

40. All settlement agreements that defendant has entered into concerning claims of copyright infringement.

41. Docket sheets concerning copyright infringement claims brought against defendant.

42. All employee manuals, employment handbooks, training manuals, training guidelines, office circulars, intraoffice memoranda, e-mails, pamphlets, power point presentations, Excel spreadsheets, announcements, meeting notes or any other written materials relating to defendant's use of copyrighted materials that were distributed to its employees.

43. The resumes and curricula vitae (CVs) of all persons identified in defendant's discovery responses or initial disclosures.

44. All copyright registration certificates listing defendant as the copyright owner, copyright claimant or copyright author of any copyrightable materials over the last ten years.

45. All copyright registration certificates listing defendant as the copyright owner, copyright claimant or copyright author of any Photograph over the last ten years.

46. 48. All copyright registration certificates listing Democracy Now as the copyright owner, copyright claimant or copyright author of any copyrightable materials over the last ten years.

47. 49. All copyright registration certificates listing Democracy Now as the copyright owner, copyright claimant or copyright author of any Photograph over the last ten years.

48. Any licenses issued to defendant by the Federal Communications Commissions which permits defendant to broadcast or display copyrighted materials on its Website.

49. The current Operating Agreement for defendant.

50. The initiating Articles of Organization for defendant.

51. The current Articles of Organization for defendant.

52. Any transactional documents relating to any merger or acquisition involving the assets of defendant in the last three years.

53. Job or intern postings that defendant uses to recruit interns, employees, or independent contractors.

Dated: April 7, 2019
       Valley Stream, New York

                                        LIEBOWITZ LAW FIRM, PLLC

                                        **/s/ RichardLiebowitz**
                                        Richard Liebowitz
                                        11 Sunrise Plaza, Ste. 305
                                        Valley Stream, NY 11580
                                        (516) 233-1660
                                        rl@liebowitzlawfirm.com

                                        *Attorneys for Plaintiff Gregory Mango*