**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREGORY MANGO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEMOCRACY NOW! PRODUCTIONS, INC.,<br><br>　　　　　Defendant. | Case No.: 1:18-cv-10588-DLC |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**DEFENDANT'S MOTION FOR AN ORDER**
**REQUIRING PLAINTIFF TO POST AN ADDITIONAL BOND**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. REPLY ARGUMENTS .........................................................................................................2

    A. The Only Evidence in the Record Establishes Plaintiff's Inability to Satisfy a Judgment for Fees and Costs ................................................................2

    B. Democracy Now Does Not Need to be a "Prevailing Party" to Recover its Fees and Costs Under Rule 68 ...............................................................................3

    C. Plaintiff's Own Conduct and that of his Counsel Warrants the Imposition of an Additional $100,000 Bond for Reasonably Contemplated Fees and Costs.........................................................................................................................5

III. CONCLUSION......................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**                                                       **Page(s)**

*Baker v. Urban Outfitters, Inc.*
    431 F. Supp. 2d 351 (S.D.N.Y. 2006), *aff'd,* 249 F. App'x 845 (2d Cir. 2007) ........................ 4

*Jordan v. Time, Inc.*
    111 F.3d 102 (11th Cir. 1997) ................................................................................................ 4

*Lee v. W Architecture & Landscape Architecture, LLC*
    2019 WL 2272757 (E.D.N.Y. May 28, 2019) ..................................................................... 4, 5

*Leibowitz v. Galore Media, Inc.*
    2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018) ......................................................................... 4

*Lucas v. Wild Dunes Real Estate, Inc.*
    197 F.R.D. 172 (D.S.C. 2000) ................................................................................................ 4

*N'Jai v. New York State Higher Educ. Servs. Corp.*
    214 F.R.D. 251 (E.D.N.Y. 2003) ............................................................................................ 3

*Sadowski v. JSN Global Media, Inc.*
    2018 U.S. Dist. LEXIS 205365 (S.D.N.Y. Dec. 3, 2018) ....................................................... 4

*Sea Trade Co. v. FleetBoston Fin. Corp.*
    2008 WL 161239, at *2 (S.D.N.Y. Jan. 15, 2008) ............................................................... 2, 3

*TufAmerica Inc. v. Diamond*
    2018 WL 401510 (S.D.N.Y. Jan. 12, 2018) ............................................................................ 6

**Statutes**                                             **Page(s)**

Federal Rules of Civil Procedure, Rule 68 ................................................................... *passim*

Local Civil Rule 54.2 ............................................................................................................ 1, 3

Defendant Democracy Now! Productions, Inc. submits this Reply Memorandum of Law in further support of its motion for an order requiring Plaintiff[1] to post an additional bond in the amount of $100,000 as security for costs pursuant to Local Civil Rule 54.2.

## I. INTRODUCTION

As set forth in the Opening Memo, Plaintiff will likely be required to pay Democracy Now's fees and costs in this matter and Democracy Now is entitled to additional security to ensure that Democracy Now can collect those fees and costs. In connection with its motion, Democracy Now provided evidence of Plaintiff's likely inability to pay an eventual award of fees and costs by submitting Plaintiff's petition for Chapter 7 bankruptcy, by which Plaintiff avoided paying approximately $40,000 in credit card debt. Confronted with that evidence, Plaintiff has provided nothing to show that he would be able to satisfy an eventual award of fees and costs. This factor alone favors the posting of an additional bond.

Plaintiff then goes on to argue that even if he ultimately obtains a judgment in an amount less than the Rule 68 Offer that Democracy Now issued on December 10, 2018 he will not be liable for Democracy Now's fees and costs as he will still be considered a "prevailing party." This argument is directly contrary to the controlling precedent in this District and ignores the fact that the cost-shifting provisions of Rule 68 are expressly reserved for the situation where a plaintiff prevails on his claim but receives less than the Rule 68 offer at issue. Similarly, Plaintiff's argument that a judgment of infringement liability for an amount less that the Rule 68 Offer would be "more favorable" than the unaccepted Rule 68 Offer is both unsupported by the law and would render Rule 68 toothless.

---

[1] Unless otherwise noted, defined terms shall have the same meaning ascribed to them in Democracy Now's May 14, 2019 Memorandum of Law in Support of Defendant's Motion for an Order Requiring Plaintiff to Post an Additional Bond (Dkt. No. 34) (the "Opening Memo").

-1-

Plaintiff also seeks to avoid posting additional security by distancing himself from his own counsel. While Plaintiff describes the facts included in the Opening Memo as "*ad hominem* attacks against Liebowitz Law Firm" Plaintiff does not deny the fact that his selected counsel has evaded court orders or voluntarily dismissed cases in order to avoid liability for costs and fees. With respect to Plaintiff's conduct in this and other actions, Plaintiff does not even attempt to rebut the fact that he has engaged in the same litigation strategy as his counsel or that he has retained that counsel to file more than a dozen copyright infringement cases using the high cost of defense to leverage settlements. Plaintiff cannot extract himself from the conduct of his counsel, especially in this case where Plaintiff has already engaged in conduct flaunting the discovery rules by serving interrogatories in excess of the number permitted by the Federal Rules of Civil Procedure and on subject matters prohibited by the Local Rules.

Finally, Plaintiff seeks to engage in a lodestar analysis and claims that Democracy Now has not submitted sufficient evidence to support its request for an additional $100,000 bond to secure an eventual award of fees and costs. Plaintiff's argument in this regard is premature, as Democracy Now is only seeking security for its fees and costs, not their payment. The argument also ignores the evidence submitted in connection with Democracy Now's motion that Democracy Now's counsel anticipates that defense costs in this matter will exceed $110,000. Under these circumstances, requiring Plaintiff to post an additional bond in the amount of $1000,000 as security for Democracy Now's fees and costs is appropriate.

## II.  REPLY ARGUMENTS

### A.  The Only Evidence in the Record Establishes Plaintiff's Inability to Satisfy a Judgment for Fees and Costs

In his opposition (at 3), Plaintiff admits that a bond is appropriate when the Plaintiff lacks the financial capacity to satisfy an eventual judgment. In fact, citing this Court's ruling in *Sea*

*Trade Co. v. FleetBoston Fin. Corp.*, Plaintiff admits that "a party's apparent financial inability to pay prospective costs is sufficient in and of itself to justify an order requiring the posting of a cost bond under Rule 54.2." 2008 WL 161239, at *2 (S.D.N.Y. Jan. 15, 2008).

The case that Plaintiff cites to argue that Democracy Now has not met its burden of showing that Plaintiff will be unable to satisfy a potential judgment of fees and costs is not applicable here. In that case, the defendant provided "no information concerning the plaintiff's financial condition," and attorney's fees would not be included in any judgment. *See N'Jai v. New York State Higher Educ. Servs. Corp.*, 214 F.R.D. 251, 252 (E.D.N.Y. 2003)  In connection with this Motion, Democracy Now has submitted evidence of Plaintiff's prior insolvency in the face of approximately $40,000 in credit card debt, as well as the fact that real property records searches did not reveal any real property or other assets from which Plaintiff could satisfy a judgment for Democracy Now's fees and costs. [*See* 2019 Monahan Decl. ¶ 13, Exs. 6-7.] This evidence strongly suggests that Plaintiff would be financially unable to satisfy a judgment in this action for Democracy Now's fees and costs, and Plaintiff, on the other hand, has submitted no evidence to show that he is able to pay such a potential award. This alone justifies entry of an order requiring Plaintiff to post additional security.[2]

### B. Democracy Now Does Not Need to be a "Prevailing Party" to Recover its Fees and Costs Under Rule 68

Plaintiff spends much of his opposition arguing that Democracy Now cannot recover its fees and costs from Plaintiff, even if Plaintiff obtains a damages award below the amount included in Democracy Now's Rule 68 Offer. In doing so, Plaintiff relies exclusively on cases considering fee awards under Rule 68 in connection civil rights actions, and authority from other

---

[2] Plaintiff also contends that he has "never been ordered to post a bond" notwithstanding the fact that he was ordered to do just that in this case. [*See* Dkt. Nos. 21, 31.]

Circuits.  None of the authority cited by Plaintiff precludes Democracy Now's recovery of its fees and costs if Plaintiff is awarded damages but those damages do not exceed the amount of Democracy Now's Rule 68 Offer, as the rule in this District continues to be that "when the plaintiff in a copyright action recovers less than the defendant's formal offer of judgment under Rule 68 of the Federal Rules of Civil Procedure, requires an award to defendant of its fees incurred after that offer."  *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 361 (S.D.N.Y. 2006), *aff'd,* 249 F. App'x 845 (2d Cir. 2007) (quoting NIMER ON COPYRIGHT § 14.10[B], at 14-139, 14-140); *see also Jordan v. Time, Inc.*, 111 F.3d 102, 104 (11th Cir. 1997); *Lucas v. Wild Dunes Real Estate, Inc.*, 197 F.R.D. 172, 175 (D.S.C. 2000).

*Baker* was affirmed by the Second Circuit, and, as Magistrate Judge Pollak recently noted, continues to provide that a defendant in a copyright action has two independent bases to recover its fees and costs—as a "prevailing party" or in connection with a rejected Rule 68 offer. *See Lee v. W Architecture & Landscape Architecture, LLC*, 2019 WL 2272757, at *4 (E.D.N.Y. May 28, 2019) ("Unlike an award of fees under the Copyright Act, where the issue of 'prevailing party' is a prerequisite to a fee award, the notion of 'prevailing party' is not a factor in a Rule 68 analysis.  Indeed, the cost-shifting provision of Rule 68 only comes into play if the plaintiff prevails but receives less than the Rule 68 offer.")  Plaintiff's counsel is well aware of the fact that *Baker* controls on this issue, as his efforts to distinguish and avoid the impact of *Baker*, on essentially the same grounds he offers here, were recently rejected by this Court on two separate occasions.  *See Sadowski v. JSN Global Media, Inc.*, 2018 U.S. Dist. LEXIS 205365, at **3-4 (S.D.N.Y. Dec. 3, 2018); *Leibowitz v. Galore Media, Inc.*, 2018 WL 4519208, at *4 (S.D.N.Y. Sept. 20, 2018) ("*Baker* teaches that a defendant in a Copyright Action may recover post-offer costs if the plaintiff recovers less than the amount of the Rule 68 Offer.").

In sum, Plaintiff's arguments are directly contrary to the controlling precedent in this District and ignore the fact that the cost-shifting provisions of Rule 68 are expressly for the situation where a plaintiff prevails on his claim but receives less than the Rule 68 offer. Under these circumstances, this Court should enter an Order requiring Plaintiff to post an additional bond.

### C. Plaintiff's Own Conduct and that of his Counsel Warrants the Imposition of an Additional $100,000 Bond for Reasonably Contemplated Fees and Costs

This Court should also reject Plaintiff's attempt to avoid posting additional security by distancing himself from his own counsel. While Plaintiff complains that the facts included in the Opening Memo showing that Plaintiff files hundreds of copyright claims with the strategy of using the high costs of defense as leverage to force settlement far in excess of the copyright holder's damages constitute "*ad hominem* attacks against Liebowitz Law Firm," Plaintiff does not deny the fact that his selected counsel has engaged in this conduct. Plaintiff also does not deny that his counsel has evaded court orders or voluntarily dismissed cases in order to avoid liability for costs and fees. Under these circumstances, considering the prior conduct of Plaintiff's counsel is entirely appropriate. *See Lee*, 2019 WL 2272757, at *5 (considering Plaintiff's counsel's history of violating court orders in ordering the imposition of a bond).

The conduct of Plaintiff's counsel may also be imputed to Plaintiff in light of the fact that Plaintiff has retained his counsel in at least a dozen cases and is engaged in the very same litigation strategy as his counsel of using the high costs of defense to leverage settlements. In seeking to extract himself from the conduct of his counsel, Plaintiff argues in his opposition (at 13) that "there is no evidence whatsoever that Mango has acted vexatiously or flaunted the Court's rules." This is not true, as Democracy Now has provided this Court with evidence that Plaintiff has served interrogatories in excess of the number permitted by the Federal Rules of

Civil Procedure and on subject matters prohibited by the Local Rules.  [*See* 2019 Monahan Decl. Ex. 5.]  Plaintiff should be required to post an additional bond to provide Democracy Now with security for its fees and costs incurred in connection with defending itself from the litigation strategy employed by Plaintiff and his counsel.

Finally, Plaintiff seeks to engage in a lodestar analysis with respect to the additional $100,000 bond that Democracy Now is requesting, and claims that Democracy Now has not submitted sufficient evidence to support its request for an additional $100,000 bond to secure an eventual award of fees and costs.  Plaintiff's argument in this regard is premature, as Democracy Now is only seeking security for its fees and costs, not their payment.  The argument also ignores the evidence submitted in connection with Democracy Now's motion that Democracy Now's counsel anticipates that defense costs in this matter will exceed $110,000.  [*See* 2019 Monahan Decl. ¶ 12.]  This estimate is well-founded and reasonable, as it is substantially less than the fees and costs that Democracy Now's counsel has be awarded in connection with defending other copyright actions in this Court.  *See, e.g., TufAmerica Inc. v. Diamond*, 2018 WL 401510, at *6 (S.D.N.Y. Jan. 12, 2018) (awarding Democracy Now's counsel $317,596.94 in fees and costs in connection with a copyright action dismissed on summary judgment).  Under these circumstances, requiring Plaintiff to post an additional bond in the amount of $1000,000 as security for Democracy Now's fees and costs is reasonable and appropriate.

## III. CONCLUSION

For all of the foregoing reasons, as well as those set forth in the Opening Memo, Defendant Democracy Now respectfully requests that the Court issue an order requiring Plaintiff to post a bond as security for costs in the amount of $100,000 dollars.

Dated: New York, New York
June 4, 2018

> Respectfully submitted,
>
> SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
>
> By: /s/ Thomas M. Monahan
> Thomas M. Monahan
> 30 Rockefeller Plaza
> New York, New York 10112
> Telephone: (212) 653-8700
>
> James M. Chadwick (*pro hac vice forthcoming*)
> 379 Lytton Avenue
> Palo Alto, California 94301
> Telephone: (605) 815-2600
>
> *Attorneys for Democracy Now! Productions, Inc.*